UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-23592-CIV-MORENO

SHAKA LIFE, INC.,

    Plaintiff,

vs.

SALT LIFE, LLC,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (**D.E. 6**).

THE COURT has considered the motion, the pertinent portions of the record, and is otherwise fully advised in the premises. Plaintiff's complaint appears to violate the one-claim-per-count rule. See Fed. R. Civ. P. 10(b). Therefore, Plaintiff's complaint is **DISMISSED** without prejudice. Plaintiff may file an amended complaint, which comports with this order no later than **July 11, 2019**. It is further,

**ADJUDGED** that The Court will not transfer the case to the Middle District of Florida, in light of the Middle District of Florida transferring the case to this district because of the first-filed rule.

### I. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.,

795 F.2d 948, 954 (11th Cir. 1986). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555; Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is "entitled to relief." Iqbal, 556 U.S. at 677-78.

## II. Legal Analysis

This is an action for a declaratory judgment (Count I) of non-infringement of trademark. Plaintiff seeks a declaration that its use of the "SHAKA LIFE" trademark does not violate any alleged trademark rights of Defendant's "SALT LIFE" trademark, and does not constitute trademark infringement, unfair competition, or dilution under federal, state and common law.

Defendant filed a motion to dismiss which asserts that Plaintiff's Complaint constitutes a "shotgun pleading" because Plaintiff fails to plead discrete claims in separate counts. Defendant contends that while the Complaint purports to contain only one cause of action for "non-infringement of trademark," Plaintiff actually seeks relief for several claims including: (1) a declaratory judgment of trademark invalidity; (2) a declaratory judgment that Plaintiff has not engaged in unfair competition; and (3) a declaratory judgment that Plaintiff's actions do not constitute trademark dilution. The Court agrees

2

and holds that the Complaint fails to comply with the basic pleading requirements of Rule 10 of the Federal Rules of Civil Procedure and should be dismissed. Fed. R. Civ. P. 10(b).

The Eleventh Circuit has identified four categories of shotgun pleadings:

> The most common type [of shotgun pleadings]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). The unifying characteristic of all types of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Weiland, 792 F.3d at 1323. Shotgun pleadings are often confusing, incoherent, and clogged with seemingly irrelevant allegations and thus are appropriate for dismissal. Lampkin-Asam v. Volusia Cty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008). Furthermore, they water down the rights of the parties to have valid claims litigated efficiently and wreak havoc on the judicial system. Byrne v. Nezhat, 261 F.3d 1075, 1130-31 (11th Cir. 2001), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151-52 (11th Cir. 2011). Given that cases framed by shotgun pleadings exhaust a disproportionate amount of time for courts to resolve, they cause delayed justice and risk the public's confidence in the system. See id. For these reasons, the Eleventh Circuit condemns shotgun pleadings.

3

Plaintiff's Complaint is an example of the quintessential "shotgun," because Plaintiff does not separate into a different count each cause of action or claim for relief, therefore it must be dismissed. See Weiland, 792 F.3d at 1323. This order does not excuse the parties from any pending calendar call, nor does it remove the case from its current trial calendar. The purpose and effect of this order is limited. It is intended to require that the complaint be brought into compliance with Rule 10(b), but not to close the case.

Defendant also wants the complaint to be dismissed under Rule 12(b)(3) for improper venue, or alternatively, to transfer the case to the Middle District of Florida. This case has already been consolidated with case No. 18-25048 which was transferred to the Southern District of Florida from the Middle District of Florida. The Court will not transfer the case, in view of the Middle District of Florida transferring the case to this District because of the first-filed rule.

### III. Conclusion

Mindful of the rule that a **well-pleaded complaint contains only one claim per count**, of Rule 10(b), and of the due process concerns articulated above, it is

**ORDERED and ADJUDGED**:

1. The complaint is dismissed without prejudice. Plaintiff may file an amended complaint no later than **July 11, 2019**.

2. In redrafting the complaint, counsel is required to ensure that each legal claim advanced is set forth in a separate count, *e.g.* if a plaintiff is alleging wrongful termination, retaliation, and hostile work environment, each of those claims require a separate count.

3. Further, each count shall state with specificity both the factual and legal basis for the claim it sets forth. If a claim is one where Federal Rule of Civil Procedure 9 is applicable, that claim must be pled with particularity. Other numbered paragraphs may be incorporated by

4

reference, but this must be done with particularity so that only relevant paragraphs are referenced. It is impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs.

4. If any party has yet to be served with process or enter an agreement in this case, the Plaintiff's counsel shall forward to a copy of this order to those parties.

5. Failure to file an amended complaint in compliance with this order may result in the Court closing the case.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th of June 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record